UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
--------------------------------------------------------------------------------

KYLE HOLBROOK,                                        :
                                                      :
                Plaintiff,          :
                                                      :   **COMPLAINT**
   -against-                                         :
                                                      :   Civ. No. 25-1476
                                                      :
                                                      :   **JURY TRIAL**
A PEACE OF MIND, INC.; FELICIA R. ROBINSON;           :   **DEMANDED**
ERICA UPSHAW-GIVNER                                   :
                                                      :
                Defendants.         :
--------------------------------------------------------------------------------

      Plaintiff, by and through his undersigned counsel, EISENBERG & BAUM, LLP, admitted, hereby allege as follows:

**PRELIMINARY STATEMENT**

      1.     Plaintiff Kyle Holbrook is a world-famous muralist who has installed more than three hundred beloved works of art in and around the streets of Pittsburgh, Pennsylvania, working in conjunction with various governmental agencies.

      2.     In 2002, Plaintiff founded the Moving the Lives of Kids Community Mural Project (MLK Mural) with the vision of using public art to engage youth, artists, and families in the beautification of their communities through education, inspiration, employment, activism and empowerment.

      3.     Through MLK Mural and his company K H Design, Plaintiff Holbrook has raised funds to support a team of artists who install artworks he has designed for the purpose of transforming blighted inner-city neighborhoods.

      4.     In summer of 2007, youth and community members gathered to paint the collection of murals on the exterior of the following premises: 610 Wood St. Wilkinsburg, PA 1522; 620

Wood St. Wilkinsburg, PA 1522; and 2013-1017 Wood Street, Wilkinsburg, PA 15221 (collectively referred to as "Wilkinsburg Murals").

5. Plaintiff's work of visual art in the Wilkinsburg Murals were installed without any fixed period of duration and was intended to last indefinitely.

6. Plaintiff and his team of artists had permission and authorization to paint the murals by the owners of the property on which the Wilkinsburg Murals were installed.

7. Created through the Community Mural Project, the colorful murals depicted the faces of young people and historical figures.

8. The artworks are dedicated to important social issues and receive widespread coverage in the news media and strong support from the communities that surround them.

9. The artist, Kyle Holbrook, believes in the transformative and restorative impact of public art on the community.

10. The Wilkinsburg Murals had recognition and support by the community, as community members and leaders endorsed the MLK Mural Project for reducing youth violence, gun-related violence and other crimes in the area, while allowing young populations to have a creative outlet for expressing themselves, while reducing graffiti related to gang violence in the neighborhood.

11. Upon information and belief, Defendants owned, managed, and/or operated the properties during relevant times pertinent to this complaint.

12. On or around September 25, 2022, the Defendants painted over the Wilkinsburg Murals during the renovation of the properties on which the Wilkinsburg Murals were installed.

13. Plaintiff Holbrook's works of art were destroyed, distorted, mutilated and/or modified by the Defendants' actions.

14. The Defendants were aware that the Plaintiff's murals were installed on the property when they chose to paint over them.

15. Defendants did not give any notice to Plaintiff prior to painting over the murals.

16. The works of art installed by the Plaintiffs and wrongfully destroyed, distorted, mutilated and/or modified by the Defendants were as follows:





3









17. Plaintiff's work of visual art was a work of recognized stature. Plaintiff is a prominent artist who has exhibited in numerous galleries and shows, and he has been the subject of innumerable news articles and television interviews and his work in the Wilkinsburg was recognized as having stature by one or more experts, the art community and/or the general public.

18. Plaintiff has not executed or signed a written instrument that specifies that installation of the aforementioned works may subject that work of visual art to destruction, distortion, mutilation, or other modification by the Defendants for any reason, including removal.

19. As a result of the Defendants' actions, Plaintiff suffered damages for the loss of his murals, his artistic reputation, and suffered a violation of his rights under the Visual Artists Rights Act.

## NATURE OF THE CLAIMS

5. Plaintiffs seek declaratory, injunctive, and equitable relief, monetary damages, and attorneys' fees to redress Defendants' unlawful destruction of their works of art in violation of the Visual Artists Rights Act, 17 U.S.C. §106A *et seq.* ("VARA").

## THE PARTIES

6. Plaintiff KYLE HOLBROOK ("Plaintiff Holbrook") is a professional artist and resides at 11122 Frankstown Road, Pittsburgh, Pennsylvania 15235. Plaintiff Holbrook is the "author of a work of visual art" within the meaning of 17 U.S.C. §106A.

7. Defendant A PEACE OF MIND, INC. is a non-profit organization with an office and principal place of business at 620 Wood Street Wilkinsburg, PA 15221 ("A Peace of Mind").

8. Defendant FELICIA ROBINSON is the co-founder and executive director of the A Peace of Mind residing in Pittsburgh, Pennsylvania. Upon information and belief, Ms. Robinson had knowledge of and made decisions to pain over Plaintiff's Wilkinsburg Murals.

9. Defendant ERICA UPSHAW-GIVNER is the co-founder and President of the A Peace of Mind residing in Pittsburgh, Pennsylvania. Upon information and belief, Ms. Upshaw-Givner had knowledge of and made decisions to pain over Plaintiff's Wilkinsburg Murals.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 in that this civil rights action arises under federal law.

11. This court has *in personam* jurisdiction over Defendants because they own real property and conduct operations within, transact business in, and provide services within the City of Pittsburgh, State of Pennsylvania.

12. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because the events that give rise to the claim occurred in this district.

## FIRST CAUSE OF ACTION
## AGAINT ALL DEFENDANTS
## UNDER 17 U.S.C. 106A *et seq*. (Visual Artists Rights Act, "VARA")

13. Plaintiff repeats and reiterates each and every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if more fully set forth at length herein.

14. The artworks described are works of visual art within the meaning of 17 U.S.C. §101 and constitute copyrightable subject matter.

15. Plaintiff herein created and maintained all ownership and copyright interests in works of visual art subject to the protection of VARA and installed those works on Defendants' buildings with Defendants' permission.

16. Without providing Plaintiff with a reasonable opportunity to protect and preserve their artworks, Defendants destroyed, mutilated, modified and defaced the works of art installed by Plaintiff, including each work of art listed by name herein and other works of art not specifically

7

identified or described herein.

17. Defendants did not provide Plaintiff with notice in writing regarding their intent to destroy the artwork nor did they afford Plaintiff, pursuant to 17 U.S.C. §113, a period of 90 days after receiving such notice either to remove the work or to pay for its removal.

18. Plaintiff's works of art are of recognized stature and requisite professional standing within the meaning of VARA and are therefore entitled to the statute's protection. Plaintiff's works were in high demand in the public marketplace, they attracted legions of admirers who visited them in situ, and the Plaintiff has high name recognition among the artistic community. The works are recognized by experts in the art field, by the artistic community and by the general public.

19. Plaintiff has not executed a written agreement that specifies that the installation of any of the works of visual art at issue herein may subject those works to destruction, distortion, mutilation nor other modification.

20. Plaintiff incurred significant financial losses as a result of the wanton destruction of the valuable works of art.

21. The destruction, distortion, mutilation, and/or modification of the work occurred in a manner prejudicial to Plaintiff's honor and/or reputation, causing him substantial harm in this regard.

22. Defendants' actions were with knowledge, intentional, willful, wanton and malicious.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

A) Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendants' practices, policies and procedures are in violation of VARA;

B) Award such actual damages as will compensate Plaintiff fully for financial losses and for the damage to his honor and reputation and for his humiliation, mental anguish, embarrassment, stress and anxiety, loss of self-esteem, self-confidence, personal dignity, shock, emotional distress, inconvenience, emotion pain and suffering and any other physical and mental injuries Plaintiff suffered due to Defendants improper conduct pursuant to VARA and the common law;

C) Award statutory damages to Plaintiff pursuant to VARA;

D) Award compensatory and punitive damages to the plaintiffs pursuant to the common law;

E) Award reasonable costs and attorneys' fees pursuant to VARA;

    F) Grant such further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands trial by jury for all of the issues a jury properly may decide, and for all of the requested relief that a jury may award.

Dated: September 24, 2025

Respectfully submitted,

Andrew Rozynski, Esq
Eric M. Baum, Esq. (*pro hac vice to be submitted*)
EISENBERG & BAUM, LLP
24 Union Square East, Fourth Floor
New York, NY 10003
212-353-8700 (tel.)
212-353-1708 (fax)
Attorneys for Plaintiff
arozynski@eandblaw.com
ebaum@eandblaw.com

'